UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIDA BLOOMBERG,<br><br>                Plaintiff,<br>    v.<br><br>MARCO RUBIO, et al.,<br><br>                Defendants. | CASE NO. C25-1420JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendants' motion to dismiss Plaintiff Lida Bloomberg's complaint for writ of mandamus.  (MTD (Dkt. # 11); Reply (Dkt. # 17); *see* Compl. (Dkt. # 1).[1])  Ms. Bloomberg opposes the motion.  (Resp. (Dkt. # 12).)  The court has

---

[1] Defendants are United States Secretary of State Marco Rubio, Acting Assistant Secretary of State for Consular Affairs John Armstrong, the United States Embassy in Yerevan, Armenia, United States Attorney General Pamela Bondi, former Acting United States Attorney Teal Luthy Miller, and the United States Department of State (together, "Defendants").  (Compl. at 1.)

ORDER - 1

considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Defendants' motion to dismiss.

## II.     BACKGROUND

This action arises from Defendants' refusal of Ms. Bloomberg's father's application for an IR-5 immigrant visa.  (*See generally* Compl.)  Ms. Bloomberg began the process of applying for visas for her parents, who are Iranian nationals, in January 2021.  (*See id.* ¶ 2.)  Although her mother has since received a visa, her father has not.  (*See id.* ¶¶ 3-5.)

Ms. Bloomberg's father, Mohammadreza Zeinali, completed his immigrant visa interview with a consular officer at the U.S. Embassy in Yerevan, Armenia in February 2024.  (*Id.* ¶ 4.)  At the end of the interview, the consular officer refused Mr. Zeinali's visa application under § 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g), and placed it into administrative processing.  (*Id.* ¶¶ 4-5; *see id.*, Exs. D, F.)  Mr. Zeinali's application remains in administrative processing.  (*Id.* ¶ 5.)

Ms. Bloomberg filed her complaint on July 29, 2025, approximately 18 months after the U.S. Embassy placed her father's application into administrative processing.  (Compl. at 1; *id.* ¶ 5.)  She alleges that Defendants' delay in adjudicating her father's visa application violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b).  (*Id.* ¶ 11.)  Defendants moved to dismiss on September 29, 2025.  (*See* MTD.)  Their motion is now ripe for decision.  (*See* Resp.; Reply.)

//

//

## III. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Ms. Bloomberg is proceeding *pro se*, the court must liberally construe her filings. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

Defendants assert that Ms. Bloomberg cannot state a claim under the APA because she has failed to identify a mandatory, nondiscretionary duty that requires Defendants to readjudicate her father's refused nonimmigrant visa application after placing it into administrative processing. The court agrees. The APA requires an agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). If an agency fails to do so, the "reviewing court shall[] compel agency action unlawfully or unreasonably delayed[.]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63-64 (2004)). The "agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075-76 (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)).

1  As Defendants point out, courts in this district and beyond regularly hold that the
2  Government has no mandatory, nondiscretionary duty to readjudicate a visa application
3  that was refused under § 221(g).  (MTD at 6-7 (compiling cases so holding)); *see, e.g.*,
4  *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *4-6 (D.C. Cir. July 24, 2024)
5  (finding the Government has no clear, nondiscretionary duty to further process or
6  adjudicate an immigrant visa application that has been placed into administrative
7  processing once it has been refused by a consular officer); *Beygi v. U.S. Dep't of State*,
8  No. C24-0504TSZ, 2024 WL 4871377, at *2 (W.D. Wash. Nov. 22, 2024) ("[Plaintiff's
9  parents'] visa applications have already been adjudicated when they were refused . . . ,
10 and there is no mandatory, nondiscretionary duty to readjudicate them.").  Ms.
11 Bloomberg points to two cases that she insists "confirm that a refusal under § 221(g) does
12 not extinguish the [G]overnment's obligation to complete the adjudication within a
13 reasonable time."  (Resp. at 1.)  In both cases, however, the courts dismissed APA claims
14 after concluding that the Government has no mandatory duty to readjudicate a refused
15 visa application that was placed into administrative processing.  *See Kiyaroudi v. Rubio*,
16 No. C25-0091JLR, 2025 WL 1434380, at *4 (W.D. Wash. May 19, 2025); *Hosseininejad*
17 *v. Blinken*, No. C24-0794 TSZ, 2024 WL 4858444, at *1 (W.D. Wash. Nov. 21, 2024).
18 The court concludes that Ms. Bloomberg has not identified a mandatory,
19 nondiscretionary duty that Defendants failed to perform and therefore grants Defendants'
20 motion to dismiss.
21  Under Federal Rule of Civil Procedure 15(a), district courts generally must "freely
22 give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2).  Leave to

amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). The court concludes that amendment would be futile because the Government does not, as a matter of law, have a mandatory duty to readjudicate a refused visa application. Therefore, the court denies Ms. Bloomberg leave to amend and dismisses her complaint, and this action, with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 11). Ms. Bloomberg's complaint, and this action, are DISMISSED with prejudice.

Dated this 8th day of December, 2025.

JAMES L. ROBART
United States District Judge